**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: CONNER HOME SALES
CORPORATION,
Debtor.

GREGORY B. CRAMPTON,
Petitioner-Appellee,

No. 96-1228

v.

FIRST UNION NATIONAL BANK OF
NORTH CAROLINA,
Respondent-Appellant,

FEDERAL DEPOSIT INSURANCE
CORPORATION,
Intervenor.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CA-95-740-5-H, BK-87-1708-MO4)

Argued: March 5, 1997

Decided: April 8, 1997

Before WILKINSON, Chief Judge, MICHAEL, Circuit Judge, and
BLACK, Senior United States District Judge for the
District of Maryland, sitting by designation.

_____

Dismissed and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** John Michael Booe, PETREE STOCKTON, L.L.P., Charlotte, North Carolina, for Appellant. Gregory Byrd Crampton, NICHOLL & CRAMPTON, Raleigh, North Carolina, for Appellee.
**ON BRIEF:** F. Joseph Treacy, Jr., J. Neil Robinson, Teresa DeLoatch, PETREE STOCKTON, L.L.P., Charlotte, North Carolina, for Appellant. Elizabeth Anania, Stephani W. Humrickhouse, William P. Janvier, NICHOLL & CRAMPTON, Raleigh, North Carolina; J. Jerome Hartzell, John R. Rittelmeyer, HARTZELL & WHITEMAN, L.L.P., Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

We allowed First Union National Bank of North Carolina (First Union) to take an interlocutory appeal of a district court order that reversed a bankruptcy court order granting partial summary judgment to First Union. We now dismiss the appeal without prejudice as improvidently granted.

Appellee Gregory B. Crampton is the trustee of debtor Conner Home Sales Corporation. The trustee filed a complaint in bankruptcy court to recover inventory proceeds that First Union received pursuant to the debtor's grant of a security interest in 1987. The trustee offers several theories to avoid the transfer and recover the proceeds. One theory is the "trilateral preference" theory of Levit v. Ingersoll Rand Fin. Corp. (In re V.N. Deprizio Constr. Co.), 874 F.2d 1186 (7th Cir. 1989). Under this theory, if a debtor makes a transfer more than ninety days but less than one year before bankruptcy on account of an antecedent debt guaranteed by an insider, then the trustee may avoid the transfer as an insider preference and recover from the trans-

2

feree even if the transferee is not itself an insider. In 1994, however, Congress amended the Bankruptcy Code to prevent recovery from non-insiders for transfers beyond the ninety-day period. See 11 U.S.C.A. § 550(c) (West Supp. 1997). The 1994 amendment is not retroactive and therefore does not apply to this case.

In this case the bankruptcy court, which was not bound by the Seventh Circuit's Deprizio decision, held that Congress never intended the result in Deprizio and granted partial summary judgment to First Union on the trustee's "Deprizio cause of action." The district court reversed, relying on what it regarded as a literal reading of the statute prior to the 1994 amendment. The district court then certified its order for interlocutory appeal under 28 U.S.C. § 1292(b). On February 21, 1996, we granted First Union permission to appeal "the Deprizio issue."

After consideration of the parties' very thorough briefs, the record, and the oral arguments of counsel, we are convinced that a determination of the Deprizio issue on interlocutory appeal is not the most appropriate way to advance the ultimate resolution of this litigation. Specifically, we believe that any consideration of the Deprizio issue by this court would be more appropriate after other important issues in the case have been determined in the bankruptcy court and a final decision has been rendered in the district court. Accordingly, we dismiss the appeal without prejudice as improvidently granted. The case is remanded for further proceedings.

DISMISSED AND REMANDED

3